# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Wallace A. Henzler and Brenda Henzler, ) | Civil Action No. 5:13-03542-JMC |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| South Carolina Farm Bureau Mutual ) | |
| Insurance Company; Depositors Insurance ) | |
| Company; Stratford Insurance Company; ) | |
| Larry Joyner; Jessie L. Davis; and Davis ) | |
| Brothers Farm, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| South Carolina Farm Bureau Mutual ) | |
| Insurance Company, ) | |
| ) | |
| Counterclaim-Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Wallace A. Henzler and Brenda Henzler, ) | |
| ) | |
| Counterclaim-Defendants. ) | |
| _____ ) | |
| South Carolina Farm Bureau Mutual ) | |
| Insurance Company, ) | |
| ) | |
| Crossclaim-Plaintiff, ) | |
| v. ) | |
| ) | |
| Larry Joyner; Jessie L. Davis; and Davis ) | |
| Brothers Farm, LLC; Depositors Insurance ) | |
| Company; Stratford Insurance Company, ) | |
| ) | |
| Crossclaim-Defendants. ) | |
| _____ ) | |

This matter is before the court pursuant to a motion by Plaintiffs Wallace A. Henzler and Brenda Henzler (collectively "Plaintiffs") to remand the case to the Orangeburg County (South Carolina) Court of Common Pleas. (ECF No. 16.) Southern Farm Bureau Casualty Insurance

1

Company[1] ("SFBCIC") opposes Plaintiffs' motion to remand and moves the court to realign Defendants Larry Joyner ("Joyner"), Jessie L. Davis ("Davis"), and Davis Brothers Farm, LLC ("DBF"), (collectively the "Davis Brothers Farm Defendants") as party-plaintiffs on the basis that their interests coincide with the interests of Plaintiffs.  (ECF Nos. 11, 35.)  For the reasons set forth below, the court **GRANTS** Plaintiffs' motion to remand and **DENIES AS MOOT** SFBCIC's motion to realign the parties.

## I.     RELEVANT BACKGROUND OF PENDING MOTIONS

Plaintiffs allege that on December 22, 2012, Wallace Henzler suffered severe injuries in a traffic accident when his truck was struck by a truck and trailer being driven by Joyner.  (ECF No. 1-1 at 6 ¶ 8–7 ¶ 10.)  Plaintiffs further allege that at the time of the accident, (1) Wallace Henzler was driving a 2004 Chevy truck owned by Rite Temp Heating and Air, LLC, and insured by Defendant Depositors Insurance Company ("DIC"); (2) Joyner was driving a 2000 Peterbilt truck owned by Davis and insured by Defendant Stratford Insurance Company ("SIC"); and (3) Joyner's truck was pulling a 1995 Land LBHY trailer owned by DBF and insured by Defendant South Carolina Farm Bureau Mutual Insurance Company ("SCFBMIC").  (Id. at 7 ¶¶ 9–10.)

On November 25, 2013, Plaintiffs filed a declaratory judgment action against SCFBMIC, DIC, SIC, and Davis Brothers Farm Defendants in the Court of Common Pleas of Orangeburg County, South Carolina to ascertain "the rights, status and other legal relations of the parties under policies of automobile insurance" issued by SCFBMIC and DIC[2].  (ECF No. 1-1 at 6 ¶ 6.)

---

[1] Southern Farm Bureau Casualty Insurance Company asserts that it is the proper and correct party to this action, not South Carolina Farm Bureau Mutual Insurance Company.  (See, e.g., ECF No. 3 at 4 ¶ F.)

[2] DIC has since been dismissed from the matter.  (See ECF No. 54 at 1 ("The undersigned as attorneys for the parties herein, hereby stipulate that Depositors Insurance Company be

2

For jurisdictional purposes, Plaintiffs allege that they are citizens of the State of South Carolina; SCFBMIC is incorporated in the State of South Carolina; and Davis Brothers Farm Defendants are citizens of the State of South Carolina.[3]  (ECF No. 1-1 at 5 ¶ 1–6 ¶ 5.)

SCFBMIC received a copy of the amended complaint on or about December 4, 2013. (ECF No. 1-1 at 64.)  Thereafter, on December 19, 2013, SFBCIC removed the case to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1446(b). (ECF No. 1 at 2 ¶ 3.)  In the notice of removal, SFBCIC asserted that removal was proper because the court possessed diversity jurisdiction over the matter since (1) it was improperly and incorrectly identified as SCFBMIC, a South Carolina corporation; (2) it is incorporated in the State of Mississippi; (3) Plaintiffs are citizens of the State of South Carolina; (4) SIC is incorporated in the State of New Jersey; (5) DIC is incorporated in the State of Iowa; and (6) SIC and Davis Brothers Farm Defendants are sham/nominal defendants whose citizenship should not be considered for removal purposes because Plaintiffs failed to assert any claims and/or allegations against them.  (Id. at 3 ¶ 5–4 ¶ 9.)  SFBCIC further asserted that the amount in dispute exceeds the requisite sum of $75,000.00.  (Id. at 5 ¶ 12.)

On December 20, 2013, SFBCIC filed a motion to realign certain parties asserting that the court should realign the parties according to their primary interests which would result in SFBCIC, DIC, and SIC being identified as the only party-defendants.  (ECF No. 11.)  SFBCIC contends that when the parties are properly aligned, "there is complete diversity amongst the parties and, therefore, this District Court has jurisdiction to consider this matter under 28 U.S.C. § 1332."  (ECF No. 11-1 at 3.)  Thereafter, on January 6, 2014, Plaintiffs moved the court to

---

dismissed from the above-referenced matter with prejudice and all claims involving Depositors Insurance Company be forever ended.").)

[3] Plaintiffs did not specify a state of incorporation for DIC or SIC in the amended complaint. (See ECF No. 1-1 at 5 ¶ 3–6 ¶ 4.)

remand the matter to state court on the basis that (1) the court lacks subject matter jurisdiction because complete diversity does not exist among the parties and (2) SFBCIC is not a party to the litigation and lacks standing to remove the case to federal court.[4]  (ECF No. 16.)   Plaintiffs and SFBCIC filed responses opposing each other's motions respectively.[5]  (See ECF Nos. 15, 35.)

## II.    LEGAL STANDARD AND ANALYSIS

A.    <u>Removing Actions from State Court by way of Diversity Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter.  28 U.S.C. § 1441(a).  A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States; . . . ."  28 U.S.C. § 1332(a).  Section 1332 requires complete diversity between all parties.  <u>Strawbridge v. Curtiss</u>, 7 U.S. 267, 267 (1806).  Complete diversity requires that "no party shares common citizenship with any party on the other side."  <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999).

In cases in which the district court's jurisdiction is based on diversity of citizenship, the privilege of removal is further limited in that a federal court may exercise jurisdiction only if no defendant is a citizen of the state where the action has been initiated.  <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).  Furthermore, the party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction.  See <u>Strawn v. AT & T Mobility LLC</u>, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal

---

[4] In their motion, Plaintiffs moved for an award of "just costs and actual expenses, including attorney fees, incurred as a result of the removal."  (ECF No. 16-5 at 6.)

[5] In addition, SIC, Joyner, and Davis filed a response opposing SFBCIC's motion to realign them as Plaintiffs.  (ECF No. 14.)

and, when challenged, demonstrate basis for jurisdiction). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. See Auto Ins. Agency, Inc. v. Interstate Agency, Inc., 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citations omitted).

Removal requires the consent of all defendants, unless the defendant is a nominal party. See 28 U.S.C. § 1446(b)(2)(A); Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 259 (4th Cir. 2013). Moreover, in evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460–61 (1980). Whether a party is nominal for removal purposes depends on whether the party has an "immediately apparent stake in the litigation either prior or subsequent to the act of removal." Hartford Fire Ins. Co., 736 F.3d at 260. "In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." Id.

B.    The Court's Review

SFBCIC removed this case based on diversity jurisdiction. For this removal to have been proper, the court must agree with SFBCIC on both of the following assertions: (1) SFBCIC is the correct and only insurer of the Land LBHY trailer; and (2) Davis Brothers Farm Defendants are not real parties in interest, but sham/nominal defendants. In this regard, if the court finds that SCFBMIC is a proper party-defendant in this matter or that Davis Brothers Farm Defendants are not sham/nominal defendants, the matter must be remanded to state court.

District courts in the Fourth Circuit have identified four (4) factors to help them determine whether a party is a real party in interest: (1) the level of control that the party retains

over the litigation; (2) the weightiness of the party's interest in the litigation; (3) whether the party has retained counsel; and (4) whether the party has given a statement or a deposition. See, e.g., Bowling v. Appalachian Elec. Supply, Inc., C/A No. 3:13-27347, 2014 WL 2612049, at *5 (S.D. W. Va. June 11, 2014); Shorraw v. Bell, C/A No. 4:13-01992-JMC, 2014 WL 692752, at *3 (D.S.C. Feb. 21, 2014); Owens v. Overstreet, C/A No. 1:10-00784, 2010 WL 4721709, at *3 (S.D. W. Va. Nov. 15, 2010). In reviewing these factors, the Owens court determined that its defendant was a nominal party for the following reasons:

> Based on the above-enumerated factors, the court finds that the Defendant Overstreet in this case is a nominal party. Defendant's level of control over the litigation appears to be minimal. The parties have submitted no evidence to suggest that Defendant has made any appearances in the proceedings, or that Defendant plans to make any in the future. Furthermore, Defendant has neither made a statement nor given a deposition. The Defendant's counsel is also the same as counsel for Zurich. This suggests that Defendant does not plan to retain a significant amount of individual control and latitude over litigation strategy; instead, it appears that Defendant is happy to share the decision-making with Zurich.
>
> Perhaps most importantly, Defendant does not face any financial liability in this lawsuit because of the settlement agreement that Plaintiff entered into with Defendant and Defendant's insurance company, Progressive. The settlement agreement unequivocally provides that Plaintiff may not enforce any judgment Plaintiff might secure against Defendant. This effectively leaves the Defendant judgment-proof and beyond Plaintiff's reach as far as financial liability is concerned.

Id.

Upon review, the court finds that Davis Brothers Farm Defendants do not face any financial liability in this lawsuit because there are neither allegations nor claims in the amended complaint against them for specific, meaningful relief. (See ECF No. 1-1 at 5–12.) In this regard, even though Davis Brothers Farm Defendants have retained counsel, the removal of specific financial liability from litigation posture establishes that they do not "possess a sufficient stake in this proceeding to rise above the status of a nominal party." Hartford Fire Ins. Co., 736

F.3d at 261.  Therefore, the court concludes that Davis Brothers Farm Defendants are nominal parties, which means that their consent was unnecessary for removal and their citizenship is not relevant in determining whether complete diversity exists.  Accordingly, this finding renders moot SFBCIC's motion to realign certain parties.

However, even with the aforementioned finding, the court must remand the matter to state court because complete diversity of citizenship does not exist in this case.  Despite SFBCIC's assertions to the contrary, the court finds that SCFBMIC, a South Carolina corporation, is a party to this lawsuit.  In reviewing the relevant documentation, the court notes that SCFBMIC, the insurer named as a defendant in this action, is identified as a "Company Providing Coverage" in the "Certificate of Insurance" page of the policy.  (See ECF Nos. 19-1 at 43.)  At the same time, SFBCIC, which was not sued by Plaintiffs in this lawsuit, is identified as the insurer in the declarations and definitions sections of the policy.  (See ECF Nos. 19-1 at 1, 6 ("We, us, our, and the Company mean the South Carolina Farm Bureau Mutual Insurance Company or the Southern Farm Bureau Casualty Insurance Company as shown on the latest Declarations.").)  Because SCFBMIC is identified as a company providing coverage, the court is constrained to conclude that SCFBMIC is an appropriate party to this insurance declaratory judgment action.  Auto-owners Ins. Co. v. Travelers Cas. & Sur. Co. of Am., C/A No. 4:12-3423-RBH, 2014 WL 3687338, at *4 (D.S.C. July 22, 2014) ("An insurer's obligation under a policy of insurance is defined by the terms of the policy itself, and cannot be enlarged by judicial construction.  Courts must enforce, not write, contracts of insurance, and must give the policy language its plain, ordinary, and popular meaning.  Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer.  However, if the intention of the parties is clear, courts should not torture the meaning of

7

policy language to extend or defeat coverage that was never intended by the parties.")  (Citations and internal quotation marks omitted).  Because Plaintiffs and SCFBMIC as opposing parties share common citizenship of South Carolina, complete diversity does not exist in this case and the court must grant the pending motion to remand.

### III.  CONCLUSION

Based on the foregoing, the court hereby **GRANTS** the motion to remand of Plaintiffs Wallace A. Henzler and Brenda Henzler and this action is hereby remanded to the Court of Common Pleas of Orangeburg County, South Carolina for further proceedings.  (ECF No. 16.)  The Clerk of this Court is directed to mail a certified copy of this order of remand to the Clerk of the Court of Common Pleas of Orangeburg County, South Carolina.  The court further **DENIES AS MOOT** the motion to realign certain parties by Southern Farm Bureau Casualty Insurance Company.  (ECF No. 11.)  In addition, the court **DENIES** Plaintiffs' motion for costs and actual expenses, including attorney's fees.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 8, 2014
Columbia, South Carolina

8